# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CRAIG S. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-4291-CV-C-NKL |
| ) | |
| ANTHONY MENDITTO, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Fulton State Hospital, in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks relief, pursuant to 42 U.S.C. § 1983. Plaintiff's complaint fails to identify a defendant and the nature of his claims are unclear. On January 10, 2005, plaintiff was directed to provide to the court, in writing, the names of the persons whom he is suing and the nature of his claims against each of the named persons. Plaintiff was advised that his failure to comply with the order may result in dismissal of his claims, pursuant to Fed. R. Civ. P. 41(b). As stated in *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.' Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96 (8th Cir. 1971); *see Stanley v. Continental Oil Co.*, 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). *See generally* 15 A.L.R. Fed. 407 (1973).

Plaintiff responded to that order on January 18, 2005, stating that the name of the defendant was Anthony Menditto, but he failed to state what his claims are against Menditto. Accordingly, plaintiff's claims should be dismissed for failure to comply with court orders.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis be denied and his claims be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with court orders [1].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 23rd day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

2